IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LELAND CHRISTOPHER JOHNSON, *et al.*, | ) ) ) | CASE NO. 5:06 CV 2256 |
| | ) | JUDGE SARA LIOI |
| Petitioners, | ) ) | MAGISTRATE JUDGE |
| v. | ) ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELE EBERLIN, Warden, *et al.*, | ) ) | **REPORT & RECOMMENDATION** |
| Respondents. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition[2] of Leland C. Johnson[3] for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Johnson is incarcerated at the Belmont Correctional Institution in St. Clairsville, Ohio, where he is serving a six-year sentence imposed in 2005

---

[1] ECF # 2.  This matter was originally referred to me for a Report & Recommendation by United States District Judge Christopher A. Boyko.  The case was subsequently re-assigned to United States District Judge Sara Lioi in an administrative proceeding that did not affect the referral.

[2] ECF # 1.

[3] The petition is styled as a "joint" petition for habeas relief on behalf of Leland Johnson and his wife, Sonya A. Johnson.  *See*, *id.* at 1.  However, as will be discussed later, the State contends that Sonya Johnson is not a proper party here.  She has not signed the petition and, because Leland Johnson is proceeding *pro se*, or literally, "for himself," he is not her attorney, despite his assertion to the contrary.  ECF # 9 at 2.  Notwithstanding these contentions, if my recommendation to dismiss this petition as untimely is adopted, the Court need not reach the question of whether Sonya Johnson is properly a petitioner here.

after pleading guilty in Stark County Common Pleas Court to two counts of endangering children.[4]

In his petition, Johnson alleges that his sentence is invalid because it violates the rubrics of *Blakely v. Washington*.[5] However, because Johnson filed this petition more than one year after his conviction became final, and has advanced no basis by which the time limit for filing a federal habeas petition may be equitably tolled, I will recommend, as more fully discussed below, that this petition be dismissed as untimely.

## Facts

The relevant facts are few, straightforward, and not in dispute. Johnson and his wife, Sonya, were each indicted by the Stark County Grand Jury in 2005 on two counts of endangering children.[6] Following the arraignment at which the Johnsons each pled not guilty,[7] plea negotiations commenced, concluding in an agreement by which the Johnsons would each plead guilty to the charged offenses, and the State, in return, would recommend concurrent sentences of six years for each defendant.[8] On July 27, 2005, each defendant entered a plea of guilty to both charges and each was then sentenced in accordance with the

---

[4] ECF # 1 at 1.

[5] *See*, *id*. at 3, citing *Blakely v. Washington*, 542 U.S. 296 (2004).

[6] ECF # 8 (State court record) at 1-3. All charges concern actions done to the Johnson's minor child, Kordell.

[7] *See*, *id*. at 4 (Sonya Johnson), 9 (Leland Johnson).

[8] *Id.* at 4-8 (Sonya Johnson), 9-13 (Leland Johnson).

plea agreement to concurrent terms of six years.[9] Neither defendant filed a direct appeal from their conviction and sentencing.[10]

Almost precisely one year after conviction and sentencing, the Johnsons, *pro se*, each filed delayed petitions for post-conviction relief, asserting that their greater-than-minimum sentences violated *Blakely*, and that the delay in filing an appeal was due to the Ohio Supreme Court not applying *Blakely* to Ohio's sentencing scheme until *State v. Foster*,[11] which was decided in February, 2006.[12] The State opposed both motions, arguing first that they were untimely, with neither untimely motion subject to any provision of Ohio's "savings statute," and further contending that, in any event, *Blakely* does not apply to the Johnson's cases because it does not operate retroactively.[13] On August 10, 2006, the Ohio trial court denied both motions for post-conviction relief, adopting by reference the arguments advanced by the State.[14] The Johnsons did not appeal this denial of their post-conviction motions to the Ohio Court of Appeals.[15]

---

[9] *Id.*

[10] *See*, ECF # 7 (State's return of writ) at 2.

[11] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[12] ECF # 8 at 14-16 (Sonya Johnson), 17-19 (Leland Johnson).

[13] *Id*. at 20-28 (Sonya Johnson), 34-41 (Leland Johnson).

[14] *Id*. at 42-43 (Sonya Johnson), 44-45 (Leland Johnson).

[15] *See*, ECF # 7 at 3; *see also*, ECF # 1 at 4.

The present petition for federal habeas relief was filed September 13, 2006.[16] In the petition, the Johnsons raise as the sole ground for relief the same *Blakely* argument they presented in the Ohio court in their unsuccessful motion for post-conviction relief.[17]

The State, in the return of writ, presents multiple arguments in favor of either dismissing or denying this petition. First, as noted, it asserts that this petition is time-barred because it was filed more than one year after the conviction and sentence became final and is not subject to either statutory or equitable tolling.[18] The State further argues that even if the petition survives dismissal for untimeliness, the petition must be dismissed since the claim should be considered waived, inasmuch as the Johnsons never appealed the sentence to the Ohio appeals court.[19] Finally, after noting that Sonya Johnson is not a proper petitioner here (she never signed the petition),[20] the State contends that, should the petition not be

---

[16] ECF # 1 at 6 (reflecting the date the petition was placed into the prison mail system). Pursuant to the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 276 (1988), a *pro se* prisoner's federal habeas petition is deemed filed when it is turned over to prison authorities for mailing.

[17] ECF # 1 at 3. The petition here is a unique, truncated version of the standard form of habeas petition. The first page of the standard form exists twice in the record (one page each purportedly for Sonya and Leland Johnson). This is followed by a common three-page memorandum in support. The petition ends with the standard form signature page signed only by Leland Johnson as the petitioner and attached exhibits from the state court filings. In the form as presented, there is no specific statement of any federal grounds for relief, only a reference, ECF # 1 at 3, to "see the attached petition" filed in state court.

[18] ECF # 7 at 7-9.

[19] *Id.* at 11-12.

[20] *Id.* at 12-13.

dismissed, the petition should be denied on the merits because no *Blakely* violation can occur in a sentence that the defendant, as here, agreed to in a plea.[21]

The Johnsons, in a traverse, appear to respond that any inquiry into the timeliness of their petition should not affect the petitioners' "credible standing[]" on the merits, although they also contend that the test for equitable tolling is "inapplicable" here.[22] They further argue that Sonya Johnson should be considered a proper petitioner because she is entitled to unspecified "common law" rights as the wife of Leland Johnson, and because federal law only requires "lead counsel," *e.g.*, Leland Johnson, to sign pleadings.[23] Finally, the Johnsons dispute that the plea agreement has any effect on a *Blakely* violation in this case since the plea colloquy does not contain any discussion of the defendants' right to the minimum term nor any admission by these defendants of any facts that would justify an enhanced sentence.[24]

## Analysis

**A.     Standard of review – untimeliness**

Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to all applications for a writ of habeas corpus under 28 U.S.C. § 2254. That limitations provision states, in pertinent part, that an application for habeas relief is timely if it is filed within one year of "the date on which the judgment became final by the conclusion of direct review or

---

[21] *Id*. at 13-15.

[22] ECF # 9 at 2.

[23] *Id*.

[24] *Id.*

the expiration of the time for seeking such review...." This one-year limitations period is tolled, however, during the pendency of any "properly filed" application for state post-conviction relief or other collateral relief with respect to the pertinent judgment or claims.[25] However, a state post-conviction petition found by a state court to be untimely does not toll the habeas limitations period because: (1) conformity with state time limits is considered in determining whether such a petition is "properly filed" under the federal statute,[26] and because (2) federal courts "are obliged to accept as valid" a state court's determination of its own time requirements.[27]

However, even if a federal habeas petitioner does not qualify for having the time requirement for filing his petition tolled under the statute, he may still be entitled in limited cases to equitable tolling. As the Sixth Circuit has held, a petitioner may be entitled to equitable tolling only after the court has considered and balanced the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.[28]

---

[25] 28 U.S.C. § 2244(d)(2).

[26] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001).

[27] *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

[28] *Id*. at 604-05 (citations omitted).

In considering the issue of whether equitable tolling should apply, the Sixth Circuit further stated that:

> The federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control. Absent compelling equitable consideration, a court should not extend limitations by even a single day.[29]

In the end, it is the petitioner who has the burden of persuading the court that he or she is entitled to equitable tolling.[30]

**B.     This petition should be dismissed as untimely.**

In this case, the Johnsons' convictions and sentences were entered by the trial court on July 27, 2005[31] and became final for purposes of the federal habeas statute of limitations when the period for filing a direct appeal from those convictions and sentences ended 30 days later on August 26, 2005.[32] This chronology shows that, to be timely, any petition for federal habeas relief would need to have been filed by August 26, 2006 or, alternatively, that the one-year limitations period be tolled.

The Johnsons filed their petition for post-conviction relief in the Ohio trial court on July 14, 2006. That petition was judged untimely by the Ohio court in a decision that this court is "obliged to accept as valid." Accordingly, this state filing, which was found by the

---

[29] *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-61 (6th Cir. 2000) (citations omitted).

[30] *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).

[31] ECF # 8 at 4-8 (Sonya Johnson), 9-13 (Leland Johnson).

[32] Ohio App. R. 4(A).

-7-

Ohio court to be untimely, cannot, by statute, toll the one-year federal habeas limitations period in this case.

With regard to equitable tolling, the Johnsons have made no attempt to meet their burden of providing any justification for the untimely filing of this habeas petition. If anything, the facts here show that they were fully aware of their federal claim at the time they filed their untimely state petition for post-conviction relief in mid-July, 2006. That decision to file the claim as an untimely post-conviction petition in state court and not as a timely habeas claim in this court, without more, does not demonstrate entitlement to equitable tolling.

### Conclusion

Accordingly, for the foregoing reasons, I recommend that this petition be dismissed as untimely filed.

Dated: September 29, 2008    s/ William H. Baughman, Jr.
United States Magistrate Judge

### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[33]

---

[33] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-8-